RECEIVED

NOV 0 8 2013

TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT, LOUISIANA
BY: _____

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF LOUISIANA
### SHREVEPORT DIVISION

UNITED STATES OF AMERICA

CRIMINAL NO. 79-50006-01

versus

JUDGE TOM STAGG

ALEX MELVIN WADE, JR.

## MEMORANDUM ORDER

Before the court is a petition for writ of error *coram nobis* filed pro se by Alex Melvin Wade, Jr. ("Wade"). See Record Document 2. Wade asserts that he can "make a showing of actual innocence" and thus his conviction "achieved an injustice." Id. at 4-5. Based on the following, Wade's petition is **DENIED**.

Following a jury trial,[1] Wade was convicted in November of 1979 of three counts of unlawfully and fraudulently transporting in interstate commerce a falsely made and forged security, knowing the same to have been falsely made and

---

[1] Wade was originally appointed counsel but later requested to represent himself in his proceedings. Following a Faretta hearing, the court granted Wade the right of self-representation but appointed a former assistant United States attorney to serve as his legal advisor throughout the trial.

counterfeited. Wade appealed his conviction and filed countless motions,[2] including numerous motions for a new trial, motions to disqualify the judge, motions for reduction and modification of bail pending appeal, motions for reconsideration and rehearings and motions pursuant to 28 U.S.C. § 2255. This court denied Wade's motions and Wade's conviction was confirmed on appeal.[3] See United States v. Wade, 667 F.2d 95 (5th Cir. 1981).

The writ of *coram nobis* is an extraordinary remedy available in "circumstances where the petitioner can demonstrate civil disabilities as a consequence of the criminal conviction, and that the challenged error is of sufficient magnitude to justify the extraordinary relief." Jimenez v. Trominski, 91 F.3d 767, 768 (5th Cir. 1996).[4] "Continuation of litigation after final judgment and exhaustion or waiver of any statutory right of review should be allowed through this extraordinary remedy only

---

[2]A review of the docket sheet in the matter reveals that in excess of forty filings were made by the defendant following his conviction.

[3]Other decisions of this court regarding Wade's filings were also affirmed by the Fifth Circuit Court of Appeals.

[4]"*Coram nobis* normally lies only when the petitioner is no longer in federal custody." Correa-Negron v. United States, 473 F.2d 684, 685 (5th Cir. 1973) (citations omitted); see also United States v. Esogbue, 357 F.3d 532, 534 (5th Cir. 2004) (stating that the writ of *coram nobis* is an extraordinary remedy available to a petitioner no longer in custody who seeks to vacate a criminal conviction). Wade is no longer in custody under the sentence issued by this court.

under circumstances compelling such action to achieve justice." United States v. Morgan, 346 U.S. 502, 511, 74 S. Ct. 247, 252 (1954). A writ of *coram nobis* "will issue only when no other remedy is available and when 'sound reasons exist[] for failure to seek appropriate earlier relief.'" United States v. Dyer, 136 F.3d 417, 422 (5th Cir. 1998) (quoting Morgan, 346 U.S. at 512, 74 S. Ct. at 253).

In this case, Wade's assertions amount to regurgitation of the claims he has already presented in his numerous other filings, that were considered and dismissed, or claims that he reasonably could have raised in those filings. Therefore, it cannot be said that Wade has made the necessary showing of "circumstances compelling such action to achieve justice." Morgan, 346 U.S. at 511, 74 S. Ct. at 252. Furthermore, a review of the record and of Wade's current filing reveals that these are not "circumstances where the petitioner can demonstrate civil disabilities as a consequence of the criminal conviction, and that the challenged error is of sufficient magnitude to justify the extraordinary relief." Jimenez, 91 F.3d at 768. Finally, as evidenced by his voluminous post-trial filings, Wade had a plethora of opportunities to "seek appropriate earlier relief." Dyer, 136 F.3d at 422. Accordingly, Wade's petition for a writ of error *coram nobis* is **DENIED**.

**THUS DONE AND SIGNED** at Shreveport, Louisiana this the 8th day of November, 2013.

JUDGE TOM STAGG

3