# United States Court of Appeals
**FIFTH CIRCUIT**
OFFICE OF THE CLERK

**LYLE W. CAYCE**  
**CLERK**

**TEL. 504-310-7700**  
**600 S. MAESTRI PLACE**  
**NEW ORLEANS, LA 70130**

January 02, 2015

Mr. Tony R. Moore  
Western District of Louisiana, Shreveport  
United States District Court  
300 Fannin Street  
Suite 1167  
Shreveport, LA 71101-0000

    No. 14-30126    USA v. Alex Wade, Jr.  
                        USDC No. 5:79-CR-50006-1

Dear Mr. Moore,

Enclosed is a copy of the judgment issued as the mandate and a copy of the court's opinion.

                                Sincerely,

                                LYLE W. CAYCE, Clerk

                                By: _____  
                                Cindy M. Broadhead, Deputy Clerk  
                                504-310-7707

cc:  
    Mr. Alex Melvin Wade Jr.  
    Ms. Cristina Walker

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 14-30126
Summary Calendar
_____

D.C. Docket No. 5:79-CR-50006-1

United States Court of Appeals
Fifth Circuit

**FILED**
December 10, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

    Plaintiff - Appellee

v.

ALEX MELVIN WADE, JR.,

    Defendant - Appellant

Appeal from the United States District Court for the
Western District of Louisiana, Shreveport

Before DeMOSS, DENNIS, and CLEMENT, Circuit Judges.

J U D G M E N T

This cause was considered on the record on appeal and the briefs on file.

It is ordered and adjudged that the judgment of the District Court is affirmed.



**A True Copy**
**Certified order issued Jan 02, 2015**

*Lyle W. Cayce*
**Clerk, U.S. Court of Appeals, Fifth Circuit**

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 14-30126
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
December 10, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

> Plaintiff-Appellee

v.

ALEX MELVIN WADE, JR.,

> Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:79-CR-50006-1

Before DeMOSS, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

In December 1979, Alex Melvin Wade, Jr., Texas prisoner # 1624189, was convicted by jury verdict on three counts of transporting a counterfeit security in interstate commerce and was sentenced to a total of 15 years of imprisonment. He now appeals from the district court's denials of his petition for a writ of coram nobis, his motion for recusal, and his motion for reconsideration.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Case: 14-30126      Document: 00512888064     Page: 2     Date Filed: 01/02/2015
Case 5:79-cr-50006-TS-MLH   Document 12   Filed 01/02/15   Page 4 of 5 PageID #: 88

No. 14-30126

The writ of coram nobis is an extraordinary remedy available in the federal courts pursuant to the All Writs Act as an avenue of collateral attack when a prisoner has completed his sentence and is no longer in custody for purposes of seeking relief under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. *United States v. Dyer*, 136 F.3d 417, 422 (5th Cir. 1998); *see also* 28 U.S.C. 1651(a). It is employed only in compelling circumstances to correct fundamental error and avoid a miscarriage of justice. *Jimenez v. Trominski*, 91 F.3d 767, 768 (5th Cir. 1996). Wade's claims that there was insufficient evidence of his guilt, the district court judge was biased against him, and that he was actually innocent of his crimes of conviction are claims that were either already decided in his previous 28 U.S.C. § 2255 motions or could have been raised in those motions. Accordingly, because his claims failed to make the necessary showing of a complete miscarriage of justice, the district court did not err by denying his petition for a writ of coram nobis. *See United States v. Esogbue*, 357 F.3d 532, 535 (5th Cir. 2004).

In his appellate brief, Wade asserts that he should be permitted to raise an actual innocence claim regardless of any procedural impediments pursuant to *McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013). He has not shown that the actual innocence exception should apply in his case as he has not presented new evidence that he is actually innocent of the offense of conviction or shown that, in light of this new evidence, no juror acting reasonably would have found him guilty of the offense of conviction beyond a reasonable doubt. *See Perkins*, 133 S. Ct. at 1928.

A "judge abuses his discretion in denying recusal where a reasonable man, cognizant of the relevant circumstances surrounding [the] judge's failure to recuse, would harbor legitimate doubts about that judge's impartiality." *Andrade v. Chojnacki*, 338 F.3d 448, 454 (5th Cir. 2003) (internal quotation

Case: 14-30126    Document: 00512888064    Page: 3    Date Filed: 01/02/2015
Case 5:79-cr-50006-TS-MLH   Document 12   Filed 01/02/15   Page 5 of 5 PageID #: 89

No. 14-30126

marks and citation omitted). As Wade has failed to make the requisite showing of judicial bias, the district court did not abuse its discretion by denying his motion for recusal. *See id.*

Wade's motion for reconsideration was directed at the district court's denial of his petition for a writ of coram nobis. Because the district court's denial of that petition was not erroneous, Wade has not shown that the district court abused its discretion by denying his motion for reconsideration. *See Martinez v. Johnson*, 104 F.3d 769, 771 (5th Cir. 1997).

The judgment of the district court is AFFIRMED.